FRANCISCO RIVERA-COLLAZO, Signing as RIVERA COLLAZO & Co., Plaintiff and Appellant, *v.* MUNICIPALITY OF SAN JUAN, Defendant and Appellee.

No. 4217. Argued November 29, 1927.—Decided December 13, 1927.

*Manuel Martínez Dávila* for the appellant. *Leopoldo Feliú* and *M. Rossy* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to a complaint for lack of facts to state a cause of action and dismissing the complaint without granting leave to amend.

The complaint substantially alleged as follows: That in January, 1925, Dr. Víctor Coll y Cuchí, as Director of Chari-

ties of the municipality of San Juan, contracted for and purchased from the plaintiff for the use of the municipality two refrigerators for the sum of $600; that the refrigerators were purchased by the aforesaid Director of Charities by a written order in consideration that it was a case of emergency and urgent necessity, in accordance with section 24 of the Regulations for municipal accounting, and to preserve therein serums and drugs of the municipality which otherwise would be liable to be lost; that the refrigerators had been delivered in the said month of January and had been since then in the possession of the municipality which used them in its hospitals; that at the end of June, 1925, the mayor of this city demanded that the plaintiff remove the refrigerators from the municipal dependencies and this the plaintiff refused to do; that the mayor has refused his authorization for their payment and that the defendant has not paid the purchase price.

The lower court based its judgment against the plaintiff on the provisions of Act No. 60 of July 12, 1921, which requires by its section 10 that the purchase of materials by municipalities of the first class, as is that of San Juan, should be by means of bids when the value thereof exceeds $500. The appellant admits that such is the law, but says that notwithstanding that law the purchase in which this action originated is valid in accordance with section 24, subdivision "h" of the Regulations for municipal accounting approved March 26, 1920, because it was made by the Commissioner of Municipal Charities in a case of emergency.

The appellee did not file a written brief in this court, but its attorney was the only one who appeared at the hearing on this appeal and his argument was based on the necessity of bids in accordance with that law when the value of the thing to be acquired exceeds $500.

It is evident that if that is the law applicable, any regulations in conflict therewith would be without legal force, and

we do not see how the complaint could be amended, nor has it been shown how it could be amended, and therefore the judgment appealed from should be affirmed; but in studying this case in order to arrive at a decision we have come to the conclusion that both the trial judge and counsel on both sides are mistaken in regard to the law applicable, for the facts as alleged in the complaint having occurred in the month of January, 1925, the law then in force was Act No. 11 of 1924 which went into effect on the 1st of July of that year and amended section 10 of Act 60 of 1921 in the sense of the necessity of bids in municipalities of the first class for the purchase of all effects and materials whose value of cost exceeds $600. As the purchase price of the two refrigerators did not exceed $600 their purchase without bids does not fall within the limits fixed by that Act and the judgment must be reversed and the case be proceeded with, unless we are shown on motion for reconsideration that the judgment can be sustained under another statute.